UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANKAMER VENTURES, LP | § | |
| | § | |
| v. | § | |
| | § | |
| MARKEL INTERNATIONAL | § | Case No.:_____ |
| INSURANCE COMPANY, LTD, | § | |
| PROACTIVE CLAIMS SERVICE, INC. | § | |
| AND GULF COAST CLAIMS SERVICE | § | |
| OF HOUSTON, INC. | § | |

## NOTICE OF REMOVAL

Defendant Markel International Insurance Company, Ltd. ("Markel International") removes Cause No. CV29090, *Hankamer Ventures, LP v. Markel International Insurance Company, Ltd.; Proactive Claims Service, Inc., and Gulf Coast Claims Service of Houston, Inc.;* In the 253rd Judicial District of Chambers County, Texas (the "State Court Case") to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on of diversity jurisdiction and would show the following:

## I. FACTS

1.     Plaintiff Hankamer Ventures, LP ("Plaintiff") filed the State Court Case on December 30, 2014.  Plaintiff alleges this is an insurance claim dispute and it suffered property damages resulting from a March 20, 2012 fire.  Plaintiff contends Markel International breached its contract of insurance with Plaintiff by refusing to pay the "full proceeds of the policy."  Plaintiff's Original Petition ("*Petition*") at ¶ 13.  Plaintiff globally alleges against all three defendants collectively, Markel International,  Proactive Claims Service, Inc. ("Proactive"), and Gulf Coast Claims Service of Houston, Inc. ("Gulf Coast"), they "misrepresented to Plaintiff that the damage to the property was not covered under the Policy," that "they failed to conduct a reasonable investigation," and

"they failed to make an attempt to settle Plaintiffs claim in a fair manner" in violation of the Texas Insurance Code. *Petition* ¶¶ 14-18. Plaintiff seeks actual damages, 18% interest, compensatory damages, treble damages, exemplary damages, attorney's fees, and other amounts. Plaintiff has made a jury demand in the State Court Case.

2.      Markel International received notice of the State Court Case on January 21, 2015 when it was serviced by and through the Texas Department of Insurance. Gulf Coast has been served and filed an answer in the State Court Case. Proactive has not answered the Sate Court Case as of the filing of this document.

3.      Complete diversity exists between the Plaintiff and Markel International now and on the date of filing in the State Court case. Plaintiff is a citizen of the State of Texas for diversity purposes.

4.      Markel International is an insurer domiciled in England and Wales with its principal place of business in London. Markel International is a citizen of the United Kingdom for diversity purposes and not a citizen of the State of Texas.

5.      The other two defendants, Gulf Coast and Proactive, are residents of the State of Texas and have been improperly joined to defeat diversity. There is no possibility that Plaintiff will be able to establish a cause of action against either Gulf Coast or Proactive as is discussed below.

6.      This case also satisfies the $75,000.00 minimum amount in controversy requirement for diversity jurisdiction. Plaintiff's live pleading states "damages sought are for monetary relief over $100,000.00, but not more than $500,000.00." *Petition* ¶ 6.

7.      Attached hereto as Exhibit "E" is Gulf Coast's Consent to Removal. Consent has not been obtained from Proactive because it had not answered as of the date of this filing.

## II. **IMPROPER JOINDER**

8.      The test for improper joinder is if it can be demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant *or* there is no reasonable basis for predicting the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). Whether a plaintiff states a valid cause of action depends upon, and is tied to, the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 199). *Griggs* requires the petition to state specific "facts warranting liability" in order to defeat removal. *Id.*

9.      Plaintiff's factual allegations regarding the two adjusting firms Gulf Coast and Proactive do not form the basis of any independent claims against them as opposed to the claims against the insurer, Markel International. Rather, Plaintiff has filed suit against Gulf Coast and Proactive for the same reason it sued Markel International. Namely, Plaintiff is unhappy Markel International denied a portion of its insurance claim.

10.      Texas law does not contemplate adjusting companies like Gulf Coast and Proactive will be held individually liable for an insurer's claim decisions. *See Ardila v. State Farm Lloyds*, 2001 WL 34109378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App. – Fort Worth 1995, no writ) for proposition adjusters have no DTPA liability for lack of good faith in processing insurance claims). The Fifth Circuit has held:

> there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA) against an insurance company employee, who in the course of his employment engages in business of insurance, in the absence of evidence sufficient to sustain a finding that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff).

*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *See also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043 at *4 (S.D. Tex. 2009) (conclusory allegations about "some involvement" by an adjuster after initial claim denial insufficient to support claims of fraud and Texas Insurance Code violations); *Ford v. Property & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading individual defendant was one adjuster assigned to claim insufficient to satisfy obligation under Texas law to allege adjuster committed the harm causing violation).

11.     Plaintiff does not allege any specific facts regarding any claimed individual misrepresentations by Gulf Coast or Proactive, nor does Plaintiff allege any specific detrimental reliance and injury from any such representation.  Furthermore, Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Texas Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 fn. 55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc*., 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014 at *8 (Tex. App.–Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120 at *5 (Tex. App.–Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.–Beaumont 1988, writ denied).  The Texas Supreme Court has held a dispute over whether a claim was factually within the policy's terms is  not sufficient to be a misrepresentation under the Texas Insurance Code. *Texas Mutual Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).  Thus, there is no basis for imposing liability on Gulf Coast or Proactive for Plaintiff's "misrepresentation" and fraud claims.

12.     ***In a recently decided case involving an identically worded pleading, with identical facts pled and identical legal theories asserted***, Judge Sidney A. Fitzwater in the Northern District of Texas held "because defendants have met their heavy burden of demonstrating that [the independent

adjuster] has been improperly joined, [the adjuster's] Texas citizenship may be disregarded" and he denied the plaintiff's motion to remand. *One Way Investments, Inc. v. Century Surety Company*, 2014 WL 6991277 at *5 (N.D. Tex. December 11, 2014). In support of the statement above that the pleading in *One Way Investments* is identical to the one Plaintiff filed here, One Way Investment's pleading is attached hereto as Exhibit "F" and a side-by-side comparison of the language in that petition with the language in Plaintiff's petition here appears in the chart attached as Exhibit "G." Judge Fitzwater's detailed well-reasoned opinion in *One Way Investments* which addresses every claim raised by the Plaintiff here against the adjusting companies supports Markel International's position that removal is proper in this case because "the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *One Way Investments*, at *2.

### III. PROCEDURAL REQUIREMENTS

13.    Markel International has filed this Notice of Removal within the time prescribed by 28 U.S.C. §1446(b). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the District Clerk of Chambers County, Texas promptly after filing of the same. As required by Local Rule 81, a copy of all pleadings filed with the state court have been filed with the Clerk of this Court. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14.    Attached hereto and incorporated herein are the following items and exhibits in support of this removal:

Exhibit A:    An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

Exhibit B:    A copy of the docket sheet in the state court action;

Exhibit C:     Each document filed in the state court action individually tabbed and arranged in chronological order according the state court file date;

Exhibit D:     A list of all counsel of record;

Exhibit E:     Gulf Coast's Consent to Markel International Surety Company's Removal of Action;

Exhibit F:     One Way Investments petition upon which Judge Fitzwater denied remand in *One Way Investments, Inc. v. Century Surety Company*; and

Exhibit G:     Chart comparing the identical pleading allegations from the pleading in *One Way Investments, Inc. v. Century Surety Company* and Plaintiff's pleading here.

15.     Markel International Insurance Company, Ltd. requests this action be removed from the 253rd Judicial District of Chambers County, Texas to  the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**WOJCIECHOWSKI & ASSOCIATES, P.C.**

/S/ *Marc J. Wojciechowski*
Marc J. Wojciechowski
State Bar No. 21844600
17447 Kuykendahl Road, Suite 200
Spring, Texas   77379
Telephone:  281-999-7774
Facsimile:  281-999-1955
Email: marc@wojolaw.com / chris@wojolaw.com

ATTORNEYS FOR MARKEL INTERNATIONAL INSURANCE COMPANY, LTD.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to all counsel and/or parties of record, pursuant to the Federal Rules of Civil Procedure, on this, the 16th day of February, 2015.

/S/ *Marc J. Wojciechowski*
Marc J. Wojciechowski