**State Court Documents**

**Exhibit C**

1.    **Plaintiff's Original Petition**

Filed
12/30/2014 3:09:01
Patti L. Henry
District Clerk
Chambers County, Texas
By:_____ Deputy

CAUSE NO: ___CV29090___

| | | |
|---|---|---|
| HANKAMER VENTURES, LP | * | IN THE DISTRICT COURT OF |
| | * | |
| VS. | * | CHAMBERS COUNTY, TEXAS |
| | * | |
| MARKEL INTERNATIONAL INSURANCE | * | |
| COMPANY, LTD, PROACTIVE CLAIMS | * | |
| SERVICE, INC. and GULF COAST CLAIMS | * | |
| SERVICE OF HOUSTON, INC. | * | 253rd   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT: ·

COMES NOW, **HANKAMER VENTURES, LP,** Plaintiff in the above-styled matter and files this Original Petition complaining of Defendants, **MARKEL INTERNATIONAL INSURANCE COMPANY, LTD,** (hereinafter referred to as **"MARKEL INTERNATIONAL"), PROACTIVE CLAIMS SERVICE, INC.,** (hereinafter referred to as **"PROACTIVE CLAIMS"),** and **GULF COAST CLAIMS SERVICE OF HOUSTON, INC.,** (hereinafter referred to as **"GULF COAST CLAIMS")** and for cause of action show the Court the following:

## DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.     Plaintiff, **HANKAMER VENTURES, LP,** is a Texas Corporation doing business in Hankamer, Chambers County, Texas.

3.     Defendant, **MARKEL INTERNATIONAL INSURANCE COMPANY, LTD,** is an insurance company registered and doing business in the state of Texas, but who does not



maintain a registered agent for service of process in this state. By virtue of not having a registered agent in this state, said Defendant has designated the Texas Commissioner of Insurance as its agent for service. As such, the Defendant, **MARKEL INTERNATIONAL INSURANCE COMPANY LTD,** may be served with process by certified mail return receipt requested through any officer of the company at 4521 Highwoods Parkway, Glen Allen, Virginia 23060-6148. Said Defendant can be served through the Texas Commissioner of Insurance, to wit: Mike Geeslin, 333 Guadalupe St., Suite 2-510, Austin, TX 78701.

4.      Defendant, **PROACTIVE CLAIMS SERVICE, INC.,** is a Texas corporation and an insurance adjusting firm/company/administrator registered and doing business in the state of Texas, and may be served through their registered agent, to wit: Douglas Quintero, 5811 Saddle Bred Drive, Houston, Texas 77084.

5.      Defendant, **GULF COAST CLAIMS SERVICE OF HOUSTON, INC.,** is a Texas corporation and an insurance adjusting firm/company/administrator registered and doing business in the state of Texas, and may be served through their President and General Manager, to wit: Johnny Michalek, Sr., 11505 Chimney Rock Road, Houston, Texas 77035.

## VENUE AND JURISDICTION

6.      Suit is proper in Chambers County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county and the insured property is located in Chambers County, Texas. TEX. CIV. PRAC. & REM. CODE. 15.032. In addition, the court has jurisdiction over Defendants because Defendants are citizens of the State of Texas and/or engages in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas. Also, damages sought are for monetary relief over $100,000.00, but not more than $500,000.00 and a demand for judgment for all other relief to which Plaintiff deems entitled.

## FACTUAL BACKGROUND

7.      Plaintiff was the owner of **Texas Commercial Fire Insurance Policy number MV01187** issued by Defendant, **MARKEL INTERNATIONAL,** (hereinafter referred to as "the policy").



Plaintiff owns the insured property (hereinafter referred to as "the property"), which is specifically located at **7317 Highway 61, Hankamer, Chambers County, Texas.**

8.      Defendant, **MARKEL INTERNATIONAL,** sold the policy, insuring the property, to Plaintiff.

9.      Plaintiff submitted a claim to Defendant, **MARKEL INTERNATIONAL,** with a date of loss of March 20, 2012, for damage to the building, building property, lost inventory and lost business income as a result of a fire.

10.     Defendants assigned claim number **GC120518** to Plaintiff's claim.

11.     Defendants failed to adjust the claims and summarily denied at least a portion of the claims without an adequate investigation. Defendants through their adjuster(s), agent(s), servant(s) and/or employee(s), analyzed and directed that a portion of Plaintiff's claims be denied/delayed.

12.     Defendants wrongfully denied Plaintiff's claim for repairs of the property, even though the policy provided coverage for the losses such as those suffered by Plaintiff.

13.     Defendants failed to perform its contractual duty to adequately and timely compensate Plaintiff under the terms of the policy. Defendants failed and refuse to pay the full proceeds of the policy in a timely manner, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Plaintiff and Defendants.

14.     Defendants misrepresented to Plaintiff that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE. Section 541.060(1).

15.     Defendants failed to make an attempt to settle Plaintiff's claims in a fair and timely manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX.



INS. CODE Section 541.060(2).

16.     Defendants failed to explain to Plaintiff the reasons for their excessive and unreasonable delay as well as their inadequate settlement offer. Specifically, Defendants failed to timely offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy(ies), nor did they provide any explanation for the failure/refusal to adequately settle Plaintiff's claim. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(3).

17.     Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(4).

18.     Defendants failed/refused to fully compensate Plaintiff under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome - oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Section 541.060(4).

19.     Defendants failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations into/of Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claims within fifteen (15) days of receiving notice of Plaintiff's claims. Defendants' conduct constitutes a violation of the Texas Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.055.

20.     Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation



of the Texas Prompt Payment of Claims Act. *TEX. INS. CODE ANN. Section 542.056.*

21.     Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed. Defendants' conduct constitutes a violation of the Texas Prompt Payment of Claims Act. TEX. INS. CODE ANN. Section 542.055.

22.     From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to timely pay the full claim(s) in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to timely pay Plaintiff in full despite there being no basis whatsoever on which a reasonable insurance company would have relied on to delay/deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

23.     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

24.     Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

25.     Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act, and intentional breach of the duty of good faith and fair dealing. Defendants through their adjuster(s), agent(s), servant(s) and/or employee(s), are liable to Plaintiff for intentional violations of the Texas Unfair Competition and Unfair Practices Act, and the Texas Deception Trade Practice Act.

## BREACH OF CONTRACT

26.     Defendants' conduct constitutes a breach of the insurance contract made between Plaintiff



and Defendants.

27.     Defendants' failure/refusal, as described above, to timely pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes breaches of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 541:
## "UNFAIR COMPETITION AND UNFAIR PRACTICES ACT"

28.     Defendants' conduct constitutes multiple violations of the Texas Unfair Competition and Unfair Practices Act. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

29.     Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

30.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims of Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.



33. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34. Defendants' unfair settlement practice, through their adjuster(s), agent(s), servant(s) and/or employee(s), as described above, of failing to adequately adjust Plaintiff's losses and failing to conduct a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542:
## "THE PROMPT PAYMENT OF CLAIMS ACT"

35. Defendants' conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36. Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37. Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

38. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

39. Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendants knew or should have known by the



exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE AND INTENT

40.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## TEXAS DECEPTIVE TRADE PRACTICES ACT

41.    Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code violations. Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.    Defendants' actions, as described, also constitute violations of the Texas Deceptive Trade Practices Act, independently of its tie-in provisions. At all times material hereto, Plaintiff was a consumer who purchased a commercial fire insurance policy from Defendants. Defendants have violated the Texas Deceptive Trade Practices Act in the following manners:

      a.    Representing that the goods or services in question had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it did not have;

      b.    Representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law;

      c.    Failing to disclose information about the goods or services in question that was known at the time of the transaction and the failure to disclose was intended to induce Plaintiff into a transaction that Plaintiff would not have entered into had the information been disclosed;

      d.    Breach of the express warranty with regard to services; and

      e.    Defendants' unconscionable actions and/or courses of actions.

43.    Defendants committed unconscionable acts and made false representations to Plaintiff.

44.    Plaintiff relied on these misrepresentations by Defendants to their detriment. These misrepresentations were a producing cause of Plaintiff's injuries in the form of actual damages,



consequential and incidental damages, special damages in the form of loss of use of property (both real and personal) and damage to credit, attorney's fees and additional statutory damages.

45.     Plaintiff is also entitled to mental anguish damages and statutory treble damages, because the actions of Defendants were made knowingly and intentionally, with the intent that Plaintiff rely on the false misrepresentations of Defendants.

## MISCELLANEOUS

46.     All pleadings are made in the alternative. When it is said herein that any Defendant took some action, or failed to take some action, it is meant that the Defendants acted or failed to act in such a manner through their fully authorized adjusters, agents, servants, employees and/or representatives, including, but not limited to, each other. Under the laws of the State of Texas, Defendants are fully responsible for the acts and omissions complained of herein. All conditions precedent have been performed or have occurred.

47.     Any applicable statute of limitation is extended by the doctrine of estoppel, waiver, fraud and/or the discovery rule.

## DAMAGES AND PRAYER

48.     Wherefore, premises considered, Plaintiff herein, **HANKAMER VENTURES, LP,** complains of Defendants, **MARKEL INTERNATIONAL INSURANCE COMPANY, LTD, PROACTIVE CLAIMS SERVICE, INC.** and **GULF COAST CLAIMS SERVICE OF HOUSTON, INC.** and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

49.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

50.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claims together with attorney's fees.



51.   Economic and actual damages, including:

    a.    Out of pocket expenses;

    b.    Cost of replacement;

    c.    Cost of repairs;

    d.    Loss of business;

    e.    Loss of business income;

    f.    Loss of business personal property;

    g.    Loss of goodwill;

    h.    Replacement cost value; and,

    i.    Lost profits.

52.   For noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages. TEX. INS. CODE Section 541.060.

53.   For noncompliance with the Texas Deceptive Trade Practices Act, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages. TEX. INS. CODE Section 541.060.

54.   For non compliance with Texas Prompt Payment of Claims Act, Plaintiff is entitled to the amount of their claims as well as eighteen (18%) percent statutory interest.

55.   For violation of the common law duty of good faith and fair dealing, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs, exemplary damages, pre-judgment interest, post-judgment interest and attorney's fees, and for any other further relief, either at law or in equity, to which they may



show themselves to be justly entitled.

Respectfully submitted,

By: ROCKY LAWDERMILK
State Bar No. 90001440
2630 Liberty
Beaumont, Texas 77702
(409) 838-1800
(409) 212-8836 - FAX
rocky@rocklaws.com

**ATTORNEYS FOR PLAINTIFF(S)**

**ADDITIONAL COUNSEL:**

Eric Paul Edwardson
State Bar No. 24002042
5 Acadiana Court, Suite B
Beaumont, Texas 77706
(409) 924-0802
(409) 515-1958 - Fax
ericedwardson@att.net

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
THE STATE OF TEXAS
COUNTY OF CHAMBERS
The above and forgoing is a full, true and correct photographic
copy of the original on file and on record in my office.
Containing ____ pages.
Attest 2-11-2015 AD
PATTI L. HENRY, District Clerk
Chambers County, Texas
By _____ Deputy



2. **Citation to Gulf Coast Claims Service of Houston, Inc.**

## THE STATE OF TEXAS

TO: Gulf Coast Claims Service of Houston, Inc., may be served through their President and General Manager, to wit: Johnny Michalek, Sr., 11505 Chimney Rock Road, Houston, Texas 77035. Defendant.

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

Said answer may be filed by mailing same to: District Clerk's Office, P. O. Drawer NN, Anahuac, Texas 77514, or by bringing it to the office. Our street address is 404 Washington Ave. and we are located on the third floor of the Courthouse. The case is presently pending before the 344th District Court of Chambers County sitting in Anahuac, Texas, and was filed on the 30th day of December, 2014. It bears cause number CV29090.

HANKAMER VENTURES, LP _____ Plaintiff

Vs.

MARKEL INTERNATIONAL INSURANCE COMPANY, LTD, ET AL _____ Defendants

The name and address of the Attorney for Plaintiff ROCKY LAWDERMILK, 2630 LIBERTY, BEAUMONT, TEXAS 77702.

The nature of the demands of said a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made part hereof.

Issued under my hand and the seal of said court, at Anahuac, Texas this the 2nd day of January, 2015.

PATTI L. HENRY, DISTRICT CLERK
CHAMBERS COUNTY, TEXAS

BY
Heather Lanferman, Deputy

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____o'clock ____.M.
Executed at _____, within the County of _____, at _____o'clock ____.M.
On the _____ day of _____, 20___, by delivering to the within named _____

_____

each, in person, a true copy of this citation together with the accompanying copy of the motion, having first attached such copy of citation and endorsed on such copy of citation the date of delivery.
Total fee for serving this citation $_____
To certify which witness by hand officially.

Constable of _____ County, Texas

By_____ Deputy



**3.   Citation to Proactive Claims Serve, Inc.**

## THE STATE OF TEXAS

TO: Proactive Claims Service, Inc., may be served through their registered agent, to wit: Douglas Quintero, 5811 Saddle Bred Drive, Houston, Texas 77084. Defendant.

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

Said answer may be filed by mailing same to: District Clerk's Office, P. O. Drawer NN, Anahuac, Texas 77514, or by bringing it to the office. Our street address is 404 Washington Ave. and we are located on the third floor of the Courthouse. The case is presently pending before the 344th District Court of Chambers County sitting in Anahuac, Texas, and was filed on the 30th day of December, 2014. It bears cause number CV29090.

HANKAMER VENTURES, LP _____ Plaintiff

Vs.

MARKEL INTERNATIONAL INSURANCE COMPANY, LTD, ET AL _____ Defendants

The name and address of the Attorney for Plaintiff ROCKY LAWDERMILK, 2630 LIBERTY, BEAUMONT, TEXAS 77702.

The nature of the demands of said a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made part hereof.

Issued under my hand and the seal of said court, at Anahuac, Texas this the 2nd day of January, 2015.

PATTI L. HENRY, DISTRICT CLERK
CHAMBERS COUNTY, TEXAS

BY _____
Heather Lanferman, Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at ____ o'clock ____.M.

Executed at _____, within the County of _____, at _____ o'clock ___.M.

On the _____ day of _____, 20___, by delivering to the within named _____

each, in person, a true copy of this citation together with the accompanying copy of the motion, having first attached such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation $_____

To certify which witness by hand officially.

Constable of _____ County, Texas

By_____ Deputy



4.    Citation to Markel International Insurance Company Ltd.

## THE STATE OF TEXAS

TO: Markel International Insurance Company LTD. may be served with process by certified mail return receipt requested through any officer of the company at 4521 Highwoods Parkway, Glen Allen, Virginia 23060-6148. Said Defendant can be served through the Texas Commissioner of Insurance, to wit: Mike Geeslin, 333 Guadalupe St., Suite 2-510, Austin, Texas 78701. Defendant.

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

Said answer may be filed by mailing same to: District Clerk's Office, P. O. Drawer NN, Anahuac, Texas 77514, or by bringing it to the office. Our street address is 404 Washington Ave. and we are located on the third floor of the Courthouse. The case is presently pending before the 344th District Court of Chambers County sitting in Anahuac, Texas, and was filed on the 30th day of December, 2014. It bears cause number CV29090.

HANKAMER VENTURES, LP _____ Plaintiff

Vs.

MARKEL INTERNATIONAL INSURANCE COMPANY, LTD, ET AL _____ Defendants

The name and address of the Attorney for Plaintiff ROCKY LAWDERMILK, 2630 LIBERTY, BEAUMONT, TEXAS 77702.

The nature of the demands of said a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made part hereof.

Issued under my hand and the seal of said court, at Anahuac, Texas this the 2nd day of January, 2015.

PATTI L. HENRY, DISTRICT CLERK
CHAMBERS COUNTY, TEXAS

BY _____
Heather Lanferman, Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___.M.
Executed at _____, within the County of _____, at _____ o'clock ___.M.
On the _____ day of _____, 20___, by delivering to the within named _____

_____
_____

each, in person, a true copy of this citation together with the accompanying copy of the motion, having first attached such copy of citation and endorsed on such copy of citation the date of delivery.
Total fee for serving this citation $_____
To certify which witness by hand officially.

_____
Constable of _____ County, Texas

By_____ Deputy

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
THE STATE OF TEXAS
COUNTY OF CHAMBERS
The above and forgoing is a full, true and correct photographic copy of the original on file and on record in my office.
Containing ___ pages.
Attest _____ AD
PATTI L. HENRY, District Clerk
Chambers County, Texas
By_____ Deputy

**5.    Gulf Coast Claims Srvice of Houston, Inc.'s Original Answer**

Patti L. Henry
District Clerk
Chambers County, Texas
By_____ Depu

Cause No. CV29090

| | | |
|---|---|---|
| HANKAMER VENTURES, LP | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | CHAMBERS COUNTY, TEXAS |
| | § | |
| MARKEL INTERNATIONAL | § | |
| INSURANCE COMPANY, LTD, | § | |
| PROACTIVE CLAIMS SERVICE, INC., | § | |
| AND GULF COAST CLAIMS | § | |
| SERVICE OF HOUSTON, INC. | § | 253RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, GULF COAST CLAIMS SERVICE OF HOUSTON, INC., Defendant in the above-entitled and numbered cause, and files the following Answer to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

I.

Defendant generally denies the allegations contained in Plaintiff's Original Petition and demands strict proof thereof, from a preponderance of the evidence, as required by the Constitution and laws of the State of Texas.

II.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby makes demand and application for jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof that Plaintiff take nothing of and from Defendant, that Defendant recover costs of Court, and for such other and further relief, general and special, at law and in equity, to which Defendant may be justly entitled.

1.



Respectfully submitted,

RIGBY, RIGBY & CAVERS

_____

BEN PATRICK RIGBY, JR.
State Bar No. 16916100
5615 Kirby Drive, Suite 550
Houston, Texas 77005
(713) 600-4700
(713) 600-0702 (FAX)
rigby@rigbylaw.com
ATTORNEYS FOR DEFENDANT
GULF COAST CLAIMS SERVICE
OF HOUSTON, INC.

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 28TH day of January, 2015, a true and correct

copy of the above and foregoing instrument was forwarded to the following counsel of

record:

Rocky Lawdermilk
2630 Liberty
Beaumont, Texas 77702

_____

BEN PATRICK RIGBY, JR.

2



1/28/2015 2:26:46 PM
Patti L. Henry District Clerk
Chambers County, Texas
By: _____ Depu

Cause No. CV29090

| | | |
|---|---|---|
| HANKAMER VENTURES, LP | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | CHAMBERS COUNTY, TEXAS |
| | § | |
| MARKEL INTERNATIONAL | § | |
| INSURANCE COMPANY, LTD, | § | |
| PROACTIVE CLAIMS SERVICE, INC., | § | |
| AND GULF COAST CLAIMS | § | |
| SERVICE OF HOUSTON, INC. | § | 253RD JUDICIAL DISTRICT |

## DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant, GULF COAST CLAIMS SERVICE OF HOUSTON, INC., hereby makes demand and application for jury trial and tenders herewith a jury fee.

1



Respectfully submitted,

RIGBY, RIGBY & CAVERS

REN PATRICK RIGBY, JR.
State Bar No. 16916100
5615 Kirby Drive, Suite 550
Houston, Texas 77005
(713) 600-4700
(713) 600-0702 (FAX)
rigby@rigbylaw.com
ATTORNEYS FOR DEFENDANT
GULF COAST CLAIMS SERVICE
OF HOUSTON, INC.

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 28TH day of January, 2015, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record:

Rocky Lawdermilk
2630 Liberty
Beaumont, Texas 77702

REN PATRICK RIGBY, JR.

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
THE STATE OF TEXAS
COUNTY OF CHAMBERS
The above and forgoing is a full, true and correct photographic copy of the original on file and on record in my office.
Containing _____ pages.
Attest ____ 2-11-2015 ____ AD
PATTI L. HENRY, District Clerk
Chambers County, Texas
By _____ Deputy



2

**6.    Patrick Rigby, Jr.'s Vacation Letter**

Filed
2/4/2015 2:55:20 PM
Patti L. Henry
District Clerk
Chambers County, Texas
By: _____ Deputy

# RIGBY, RIGBY & CAVERS

REN PATRICK RIGBY, JR.
MANAGING SHAREHOLDER

5615 KIRBY DRIVE
SUITE 550
HOUSTON, TX 77005

RIGBY@RIGBYLAW.COM

713.600.4700 (MAIN) |713.600.0702 (FAX)

February 4, 2015

RE: Cause No. CV 29090; *Hankamer Ventures, LP v. Market International, et al;* In the 253rd Judicial
District Court of Chambers County, Texas

Dear Clerk:

This is to advise that I have plans to be on vacation the following dates in 2015:

July 13-July 17
July 20-July 24
July 27-July 31
November 16-November 20

I would therefore ask that no hearings, trials or other proceedings be set in any cases in which I am
counsel of record during that period of time or the immediately following week.

Thank you for your assistance and cooperation in this regard. Should you have any questions, please
do not hesitate to contact me.

Very truly yours,

/s/Ren Patrick Rigby, Jr.

Ren Patrick Rigby, Jr.

RPR/mc

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
THE STATE OF TEXAS
COUNTY OF CHAMBERS
The above and forgoing is a full, true and correct photographic
copy of the original on file and on record in my office.
Containing _____ pages.
Attest 2-11-2015 AD
PATTI L. HENRY, District Clerk
Chambers County, Texas
By _____ Deputy

